**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

May 6, 2020

**BY CM/ECF**
The Honorable Maryellen Noreika
844 N. King Street
U.S. District Court for the District of Delaware
Wilmington, DE 19801-3555

      Re:    *Sentius International, LLC v. HTC Corp.*, C.A. No. 18-1216-MN; *Sentius International, LLC v. LG Electronics Inc.*, C.A. No. 18-1217-MN

Dear Judge Noreika:

      I write on behalf of LG Electronics, Inc. and LG Electronics USA Inc. (collectively, "LG") and HTC Corporation ("HTC") (collectively "Defendants") regarding a discovery dispute between Defendants and Plaintiff Sentius International, LLC ("Sentius") with reference to the timing and scope of email discovery in the ESI Order to be entered in the case. Counsel on both sides have worked diligently and in good faith to resolve numerous disputes related to the final ESI and Protective Order provisions, but we have been unable to resolve one last remaining dispute relating to email discovery. Pursuant to the Scheduling Order in this case (LG, D.I. 41, at ¶ 8(g)) and this Court's Order Setting Teleconference (LG, D.I. 54, entered April 13, 2020), Defendants respectfully submit this letter in support of their position that the to-be entered ESI Order should include a provision that limits the scope and timing of email discovery. (Ex. 1, LG Proposed ESI Order, at ¶ 2(a) provision.)

    **A.**    **The Case Presents No Issues that Require Email Discovery.**

      The parties' only dispute concerns the scope and timing of email discovery, more specifically, whether the parties should be required to produce generalized email discovery on all issues from the outset of the litigation (Plaintiff's position) or whether the parties should conduct discovery first and meet-and-confer if an issue or need for email discovery arises in the case to determine targeted issues where email discovery may be necessary and appropriate (Defendants' position). (*See* Ex. 1, Defendants' Proposed ESI Order, at ¶ 2(a).) Defendants also respectfully submit that email discovery should be limited to non-technical topics. (*Id.*)

      There are no identified issues that would necessitate default email discovery in this litigation. There are no pleaded allegations, such as willful infringement, that would suggest that email discovery is appropriate. Indeed, Sentius amended its complaint to remove enhanced damage allegations in response to LG's First Motion to Dismiss. (Compare (LG D.I. 1 at Prayer (e) with LG D.I. 16 at Prayer (removing enhanced damages allegations).) LG's Motion argued that Sentius had not adequately pled willful infringement to support an enhanced damage theory and Sentius could

The Honorable Maryellen Noreika
May 6, 2020
Page 2 of 4

not do so because Sentius alleged that LG first received notice of the '633 patent two years after the '633 patent expired.[1]  (LG D.I. 13 at 2 and 7.)  Sentius cannot now argue that it needs email discovery to support a theory of damages that Sentius has abandoned.  *Eurand, Inc. v. Mylan Pharm., Inc.*, 266 F.R.D. 79, 84 (D. Del. 2010) ("It is improper to use discovery in search of a factual predicate required to be pled in the first instance."); *Micro Motion, Inc. v. Kane Steel Co., Inc*., 894 F.2d 1318, 1327–28 (Fed. Cir. 1990) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery.").  There are no allegations of indirect infringement against Defendants.  The damages window in this case is also relatively small and covers between August 9, 2012 and February 16, 2014.  Searching and identifying emails six to eight years ago to support discovery issues in this patent infringement lawsuit makes little sense and is highly burdensome.

In these circumstances, a blanket requirement that the parties collect and produce email discovery on all issues, without regard to the needs of the case, will vastly (and unnecessarily) increase the cost and complexity of discovery in this case. *See, e.g.*, Rader, "The State of Patent Litigation," (September 27, 2011) (then-Chief Judge of the Federal Circuit noting that "[g]enerally, the production burden of expansive e-requests outweighs their benefits . . . . for all the thousands of appeals I've evaluated, email appears even more rarely as relevant evidence").  Immediate and unrestricted email discovery will not provide anything of substance, over and above the information Defendants are already producing as part of their core technical document production and in response to Plaintiff's document requests (responses to which are due later this month).

Accordingly, Plaintiff's proposal should be rejected, and any email discovery should be limited to non-technical issues and permitted only if a specific need for email discovery is demonstrated.  This phased approach to email discovery is consistent with the approach adopted in other cases in this District.  *See, e.g.*, *Groove Digital, Inc. v. King.com Ltd.*, Case 1:18-cv-00836 (Ex. 2, Transcript from Scheduling Conference, D.I. 24; Ex. 3, Scheduling Order ¶ 3(g)(i)(c), D.I. 21) ("*Groove Digital*") (adopting defendants' proposal to delay email search and production, such that the parties would not meet and confer regarding search mechanisms, if at all, until after the receiving party reviewed the core technical production and the producing party's primary document production in response to document requests)).

B.      **Limits on Email Discovery Are Appropriate.**

Defendants' request to include a need-based email discovery provision as part of the ESI Order is supported by several rulings on similar, disputed ESI Order provisions entered in this district.  In *Groove Digital*, the parties addressed a similar request for a provision restricting email discovery.[2]  The *Groove Digital* case also involved a willfulness allegation that had been pled, but was later dismissed/dropped from the pleadings.  (*See* Ex. 2, *Groove Digital* Tr. at 10:9-14.)  The court in *Groove Digital* found that the plaintiff's proposal for default email discovery was "more onerous than [] necessary for Plaintiff to get what they need to pursue [the] case." (*See id*. at 10:15-25; *see also id*. at 3:16-7:20, 12:20-13:5.)  So the Court entered an ESI Order that limited email discovery in a manner similar to what Defendants propose in the present litigation.

---

[1] Although Sentius has not yet dropped its enhanced damage allegations against HTC, its Complaint acknowledges that HTC only received notice of the '633 patent years after it expired.
[2] Defendants provided Sentius with all of the Delaware orders during the meet-and-confer discussions surrounding the ESI Order.

| *Groove Digital* ESI email provision | Defendants' proposed ESI email provision |
|---|---|
| The parties will delay search and production of electronic mail and electronic mail documentation ("Secondary documents"). If, at such time as the receiving party has reviewed the contents of the producing party's primary document production, the receiving party determines that Secondary Documents may be required, the receiving party may indicate such determination to the producing party. Upon such determination, the producing party and receiving party shall meet and confer in good faith to identify which particular documents will be searched and to identify reasonable mechanisms for narrowly tailored searches of, or for, such Secondary Documents. Should the parties be unable to reach an agreement on these issues, counsel must follow the provisions of Paragraph 3(h) below. (Ex. 3, *Groove Digital* SO at 4-5.) | Ediscovery limitations. The parties will not conduct a search and production of electronic mail initially. If, at such a time as the receiving party has reviewed the contents of the producing party's primary document production, third-party document productions and deposition testimony, the receiving party determines that electronic-mail discovery is necessary, the receiving party may indicate such determination to the producing party. Upon such determination, the producing party and receiving party shall meet and confer in good faith to identify which specific issues and which particular electronic-mail sources will be searched and to identify reasonable mechanisms for narrowly tailored searches of, or for, such electronic-mail discovery. Should the parties be unable to reach an agreement on these issues, the requesting party must submit a five-page letter brief to the Court explaining the need for electronic-mail discovery. Unless ordered otherwise, the collection, search, and production of electronic mail shall be limited to non-technical topics and shall be limited to custodians identified by the producing party as likely to have electronic mail relevant to those topics. There shall be no electronic-mail discovery for technical topics and technical custodians. (Ex. 1, Defendants' Proposed ESI Order ¶2(a) provision.) |

Similar to Defendants' proposal here, other Delaware cases have also restricted email discovery to non-technical issues (*e.g.*, willfulness and equitable estoppel), allowing the parties to move for additional email discovery based on a good cause showing. *See* Ex. 4, *Sprint Commc'ns Co. v. Cequel Commc'ns, LLC*, 18-cv-1752-RGA, Joint Order Regarding Electronically Stored Information, D.I. 50 (D. Del. June 24, 2019) ("*Sprint*") at ¶ 6 and n.1. Willfulness and equitable estoppel are not pled in this case. *See also* Ex. 5, *Bradium Tech LLC v. Microsoft Corp.*, 15-cv-00031-RGA, Electronic Discovery Order, D.I. 65 (D. Del. Mar. 24, 2016) ("*Bradium*") at ¶ 5(b) (allowing E-Mail production if good cause exists.) Because there are no issues in the case that warrant email discovery, Defendants' proposal to table email discovery absent good cause and a showing of need is appropriate.

**C.      Defendants' Proposed ESI Provision Is Narrowly Tailored.**

As addressed above, Defendants' proposed ESI provision does not seek to exclude all email discovery under all circumstances. Instead, Defendants' proposal strikes the right balance by allowing the parties to seek email discovery in the event that a specific need arises in the case. If such need should arise, in line with the *Groove Digital* and *Sprint* orders, the parties can meet and confer to address the need and resort to the scheduling order dispute provision to the extent that the parties are unable to reach an agreement. Thus, Defendants' proposal is narrowly tailored to ensure that email discovery is available if events in the case warrant it.

The Honorable Maryellen Noreika
May 6, 2020
Page 4 of 4

                                                Respectfully submitted,

                                                */s/ Frederick L. Cottrell, III*

                                                Frederick L. Cottrell, III (#2555)

FLC,III/jjr

cc:      All Counsel of Record (via CM/ECF and email)