# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GROOVE DIGITAL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 18-836 (RGA) |
| KING.COM LTD., KING.COM INC., and KING.COM (US) LLC, | ) ) ) ) |
| Defendants. | ) ) |

## [PROPOSED] SCHEDULING ORDER

This 25 day of January, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **January 29, 2019**.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **July 9, 2019**, except for a motion to amend pleadings to add an inequitable conduct defense, which shall be filed on or before **January 28, 2020**.

3. Discovery

   a. Discovery Cut Off: All fact discovery in this case shall be initiated so that it will be completed on or before **April 27, 2020**.

   b. Document Production. Document production shall be substantially complete by **December 27, 2019**.

  c. Requests for Admission. A maximum of **50 requests for admission** are permitted for each side.  In addition, the parties may serve up to 50 requests for admission to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from requests for admission subject to the numerical limitations stated above.  The parties will work to agree on authentication where possible. Parties may serve additional requests for admission directed to document authentication only upon agreement of the other side or by leave of the Court.

  d. Interrogatories. A maximum of **25 interrogatories**, including contention interrogatories, are permitted for each side.

  e. Depositions.

    i. Limitation on Hours for Deposition Discovery.  Each side is limited to taking a total of 70 hours of testimony by deposition upon oral examination, including depositions of third parties (other than experts), with a limit of seven (7) hours per witness.  For expert deposition discovery, each side shall be entitled to a separate deposition for each Rule 26(a)(2)(B) opening or rebuttal report submitted by an expert. If a party believes that additional hours for deposition discovery are necessary, the parties shall meet and confer and try to reach agreement on the amount of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

    ii. Location of Depositions.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by

agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. Because the Defendants in this action have not filed counterclaims, depositions of their witnesses shall be taken at a location convenient to such witnesses.

      f.    E-Service. The parties consent to electronic service, and agree that such service of papers may be accomplished by electronic mail, with the same result as if such papers had been delivered in person.

      g.    Disclosures. Absent agreement of the parties, or approval of the Court:

      i.    Electronically Stored Information (ESI). Except as modified below, the parties agree to comply with the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").

      (a)    On or before **February 28, 2019**, the parties shall make their disclosures pursuant to paragraph 3(a) of the Default Standard of Discovery, Including Discovery of Electronically Stored Information (the "Default Standard").

      (b)    If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party on or before **August 23, 2019**.

      (c)    The parties will delay search and production of electronic mail and electronic mail documentation ("Secondary Documents"). If, at such time as the receiving party has reviewed the contents of the producing party's primary document production, the receiving party determines that Secondary Documents may be required, the receiving party may indicate such determination to the producing party. Upon such determination, the producing

==party and receiving party shall meet and confer in good faith to identify which particular documents will be searched and to identify reasonable mechanisms for narrowly tailored searches of, or for, such Secondary Documents.== ==Should the parties be unable to reach an agreement on these issues, counsel must follow the provisions of Paragraph 3(h) below.==

        ii.      On or before **February 19, 2019**, the Plaintiff shall produce to Defendant the disclosures and documents required under paragraph 4(a) of the Delaware Default Standard, which shall include identification of the specific "push notifications that display content by opening a notification window in a predesignated location on the game player's device" that are accused of infringing the '762 patent (the "Accused Functionality"), as stated in paragraph 19 of Plaintiff's complaint. (D.I. 1, ¶19).

        iii.      On or before **March 21, 2019**, the Defendant shall produce to Plaintiff the documents required under paragraph 4(b) of the Delaware Default Standard. The documents produced shall be limited to those relating to the Accused Functionality identified in Plaintiff's paragraph 4(a) disclosures.

        iv.      On or before **April 19, 2019**, the Plaintiff shall produce to the Defendant the documents and disclosures required under paragraph 4(c) of the Delaware Default Standard.

        v.      On or before **May 20, 2019**, the Defendant shall produce to Plaintiff the documents and disclosures required under paragraph 4(d) of the Delaware Default Standard.

    h.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the

Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before **February 19, 2019**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before **October 16, 2019**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and by **October 30, 2019**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **November 13, 2019**, The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **January 7, 2020**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **February 4, 2020**. The Plaintiff shall serve, but not

file, its reply brief, not to exceed 20 pages, on **February 18, 2020**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **March 3, 2020**. No later than **March 13, 2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]
        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiffs Reply Position
        4. Defendant's Sur-Reply Position

    B. [TERM 2]
        1. Plaintiff's Opening Position
        2. Defendant's Answering Position
        3. Plaintiffs Reply Position
        4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

9. <u>Hearing on Claim Construction</u>. Beginning at **9:00 a.m.** on **April 9, 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

10. Disclosure of Expert Testimony.

   a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **September 14, 2010**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 14, 2020**. Reply expert reports from the party with the initial burden of proof are due on or before **November 4, 2020**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **December 16, 2020**.

   b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **February 3, 2021**. Response briefs shall be due on or before **March 3, 2021**. Reply briefs shall be due on or before **March 31, 2021**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. <u>Pretrial Conference</u>. On **August 20, 2021**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at **9:00 a.m.** The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

16. <u>Trial</u>. This matter is scheduled for a **five-day** jury trial beginning at 9:30 a.m. on **September 13, 2021,** with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE