# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

BRADIUM TECHNOLOGIES LLC,

        *Plaintiff,*

    v.                         C.A. No.: 1:15-cv-00031-RGA

MICROSOFT CORPORATION,

        *Defendant.*

## PROPOSED ELECTRONIC DISCOVERY ORDER

1.    **General Provisions**

    **a.**    **Cooperation.**  Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following standards shall apply until further order of the Court or the parties reach agreement.

    **b.**    **Proportionality.**  Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]

    **c.**    **Preservation of Discoverable Information.**  A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

        **(i)**    Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

(ii)     Absent a showing of good cause by the requesting party, the categories of ESI identified in Schedule A attached hereto need not be preserved.

d.     **Privilege.**

(i)     The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii)     With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii)     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv)     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding as long as the producing party acts in preserving its privilege objections.

2.     **Discovery Conference**

a.     **Timing.**  Consistent with the guidelines that follow, the parties shall discuss the parameters of their anticipated discovery at a discovery conference to take place on March 2, 2016.

b.     **Content.**  The parties shall discuss the following:

(i)     The issues, claims and defenses asserted in the case that define the scope of discovery.

(ii)     The likely sources of potentially relevant information (i.e., the "discoverable information"), including witnesses, custodians and other data sources (e.g., paper

files, email, databases, servers, etc.).

      **(iii)**    Technical information, including the exchange of production formats.

      **(iv)**    The existence and handling of privileged information.

      **(v)**    The categories of ESI that should be preserved.

**3.**    **Initial Disclosures.** On [Plaintiff's proposal: March 21, 2016] [Defendant's    *RGA*
proposal: April ~~4~~, 2016], *[handwritten: 11]* each party shall disclose:

    **a.**    **Custodians.** The [Plaintiff's proposal: 10 (at least 5 of which must be
identified on ~~March 21~~, 2016, *[handwritten: April 11,]* and the remaining 5 may be identified seven (7) days after
the date of the Court's entry of an ESI Order or on ~~March 21~~, 2016, whichever is later] *[handwritten: April 11,]*    *RGA*
[Defendant's proposal: 5] custodians most likely to have discoverable information in their

possession, custody or control, from most likely to least likely. The custodians shall be

identified by name, title, role in the instant dispute, and the subject matter of the information. *[handwritten: FN]*

    **b.**    **Non-custodial data sources.**[2] A list of the non-custodial data sources that are

most likely to contain non-duplicative discoverable information for preservation and production

consideration, from most likely to least likely.

    **c.**    **Notice:** The parties shall identify any issues relating to:

    **(i)**    Any ESI (by type, date, custodian, electronic system or other criteria) that

a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

    **(ii)**    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including

the timing and sequencing of such discovery.

    **(iii)**    Production of information subject to privacy protections, including

---

[2] That is, a system or container that stores ESI, but over which an individual custodian does not
organize, manage or maintain the ESI in the system or container (*e.g.*, enterprise system or
database).

*[handwritten: FN] Plaintiff can pick which (five) of the ten custodians it wants to put
in the "top five." Absent Court Order, or agreement of the parties,
Defendants do not have to address treat the "bottom five" as being
custodians.*

information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

4. **Initial Discovery in Patent Litigation**

    a. **Defendant's Proposal:  Absent a showing of good cause, follow-up discovery shall be limited to a term of 6-years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.]** FN1

    [Plaintiff's proposal: Do not include this section.]

5. **Specific E-Discovery Issues.**

    a. **On-site inspection of electronic media.**  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

    b. [Plaintiff's Proposal = Do not include 5.b or 5.c proposed by Defendant]

    [Defendant's proposal: **General ESI production requests.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include E-mail or other forms of electronic correspondence (collectively "E-mail").  To obtain E-mail, parties must propound specific E-mail production requests.  The parties agree that as a general rule, that they will not be required to search for E-mail and E-mail will not be required to be produced.  However, any party may seek discovery of particular E-mails or E-mails on a particular issue if good cause exists for such production, and such E-mail production requests shall not exceed the limits of this ESI order.**

FN1 The Court considers that there is "good cause" to include the time period in about 2005 during which there was contact between Microsoft and 3DV4 in follow-up discovery.

- 4 -

c.  **E-Mail production requests.**

(i)  **E-mail production requests shall only be propounded for specific issues and not general discovery of a product or business.**

(ii)  **E-mail production requests shall be phased to occur after the parties have exchanged initial disclosures, infringement contentions, and invalidity contentions.**

(iii)  **E-mail product requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.**

(iv)  **Each requesting party shall limit its E-mail production requests to a total of five custodians per producing party.** *Add the remainder of this e-Discovery Model Order in Patent Cases, ¶10.*

(v)  **Each requesting party shall limit its E-mail production requests to a total of five search terms per custodian per party.** *Add the deleted portion of ¶11 of this e-Discovery Model Order in Patent Cases.* **The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. If a search returns more than** ~~three hundred~~ *FN/* **hits, the party is not required to review those hits; the party will instead timely notify the requesting party who will then provide narrower search terms. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for**

*FN/ See footnote next page.*

disproportionate discovery. *[handwritten: ✓ Add last sentence of ¶17 of the e-Discovery Model order in Patent Cases.]*

    **d.    Search methodology.** If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than [Plaintiff's proposal: 10] [Defendant's proposal: 5] additional terms to be used in connection with the electronic search. *[handwritten: RSA]* Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. [Defendant's proposal: If a search returns more than three hundred hits, the party is not required to review those hits; the party will instead timely notify the requesting party who will then provide narrower search terms.] *[handwritten: (FN)]* *[handwritten: RSA]* The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) [Plaintiff's proposal: emails and other] ESI maintained by the custodians identified in accordance with *[handwritten: RSA]* paragraph 3(a).

    **e.    Format.** ESI and non-ESI shall be produced to the requesting party as text searchable image files (*e.g.*, PDF or TIFF). The text of native files shall be extracted directly from the native file. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata.

    **f.    Native files.** The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.

    **g.    Password Protected Files.** The producing party shall make a reasonable effort to

*[handwritten: FN) There is probably a reasonable number, but it is certainly larger than 300. The parties should meet and confer on this.]*

disable all password-protected files and to decrypt encrypted files prior to production, and shall provide passwords or tools for the receiving party to access such files, to the extent such passwords or tools can reasonably be located.

     **h.**    **Metadata fields.** The parties are only obligated to provide the following metadata for all E-Mail produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author , Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof). For all other ESI, the parties are only obligated to provide the following metadata: BEGBATES, ENDBATES, PGCOUNT, CDVOL, Date Created, Date Modified, Custodian, File Path, File Name, Author, MD5 Hash, File Size and File Extension, to the extent that it exists.

Date: March 7, 2016

/s/DRAFT
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: 302.655.4200
Facsimile: 302.655.4210
Email: jcp@pgslaw.com
Email: dab@pgslaw.com

Of Counsel:
Christopher J. Coulson
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004
Telephone: 212.425.7200
Facsimile: 212.425.5288
Email: ccoulson@kenyon.com

Michael N. Zachary
Kenyon & Kenyon LLP
1801 Page Mill Road
Suite 210
Palo Alto, CA 94304
Telephone: 650.384.4700
Facsimile: 650.384.4701
Email: mzachary@kenyon.com

*Attorneys for Plaintiff Bradium Technologies
LLC*

/s/DRAFT
Kelly E. Farnan (#4395)
farnan@rlf.com
Christine D. Haynes (#4697)
haynes@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Of Counsel:
Matthew C. Bernstein
Patrick J. McKeever
Evan Day
Di Zhang
Miguel J. Bombach
PERKINS COIE LLP
11988 El Camino Real, Suite 350
San Diego, CA 92130
MBernstein@perkinscoie.com
PMcKeever@perkinscoie.com
EDay@perkinscoie.com
DZhang@perkinscoie.com
MBombach@perkinscoie.com

*Attorneys for Defendant Microsoft
Corporation*

**SO ORDERED** this ____23____ day of ~~February~~ March, 2016.

Hon. Richard G. Andrews
United States District Judge

- 8 -

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

6. Voice messages.

7. Instant messages that are not ordinarily printed or maintained in a server dedicated to instant messaging.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Server, system or network logs.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.