

May 7, 2020

**Via E-Filing**
The Honorable Maryellen Noreika
844 N. King Street
Unit 19, Room 4324
Wilmington, Delaware 19801

      **Re**:    *Sentius International, LLC v. HTC Corp.*, C.A. No. 18-1216-MN
               *Sentius International, LLC v. LG Electronics Inc.*, C.A. No. 18-1217-MN

Dear Judge Noreika,

      This is Plaintiff's response to Defendants' May 6, 2020 letter[1] in advance of the discovery hearing set for May 12, 2020 at 11:00 a.m. Defendants seek a protective order precluding email discovery absent a showing of good cause. Defendants' sweeping proposal goes far beyond the bounds of the legal authority cited, lacks any factual support or supporting declarations, and is in contravention of this District's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard"). The proposed ESI Order with the parties' disputes bolded is attached as Ex. A.

**I.    Defendants Have Not Shown "Good Cause" To Preclude Plaintiff From Obtaining Email Discovery**

      Pursuant to Fed. R. Civ. P. 26(c)(1), a party may seek to "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order "must show good cause by demonstrating a particular need for protection." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986). "Good cause" requires the movant to "specifically demonstrate [ ] that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994)).

      Here, Defendants seek to preclude Plaintiff from conducting email discovery, yet they have made no attempt to satisfy the "good cause" standard. Defendants assert that identifying emails "makes little sense and is highly burdensome," D.I. 43 at 2, but their assertions are wholly conclusory. They offer no facts or declarations in support of their request. Indeed, Defendants provide no tangible explanation of how they are unduly burdened by what is the normal and customary procedure in patent cases or how email discovery in this case will be purely cumulative. *See also infra* Section II.

      In fact, Defendants seek to invert the discovery process and the standards for a protective order by erroneously shifting the burden to Plaintiff to establish good cause to seek discovery in

---

[1] D.I. 43 in C.A. No. 18-1216-MN; D.I. 57 in C.A. No. 18-1217-MN. All subsequent citations are to C.A. No. 18-1216-MN.

the first instance. D.I. 43 at 3 ("Because there are no issues in the case that warrant email discovery, Defendants' proposal to table email discovery absent good cause and a showing of need is appropriate."). That is not the standard for discovery under the Federal Rules or this Court's Default Standard.

Moreover, Defendants' purported rationale that there must be a willful infringement allegation to warrant email discovery is puzzling. Defendants wholly ignore that email discovery is an important part of a patent infringement action regardless of willful infringement. In today's society nearly all corporate correspondence is conducted through email, and those emails can shed light on infringement and damages and are frequently used at trial. Indeed, if pleading willful infringement were a prerequisite to email discovery, there would be little email discovery in the majority of patent cases, and in practice, that is simply not the case.

In the end, Defendants' letter is short on facts and fails to establish good cause. Defendants' letter is so generalized that it could be cut and pasted into a request to prohibit email discovery in any patent case where willful infringement is not alleged. Clearly, more is required when seeking to deprive an opposing party of discovery.

## II. The Court's Default Standard Already Reflects The Appropriate Discovery Balance

The Court's Default Standard presents a measured approach to discovery to balance parties' competing concerns and provide parties with a reasonable means to pursue discovery for their respective cases. There is no question that the Default Standard was drafted with a specific eye toward patent litigation. *See* Default Standard at ¶ 4. With respect to emails, the Default Standard calls for the immediate collection of emails from custodians. *Id.* at ¶ 5.b. ("The producing party shall search . . . (ii) emails and other ESI maintained by the custodians identified . . ."). Stated another way, email discovery is the rule in every case, not the exception.

Yet, Defendants suggest that Plaintiff is seeking something extraordinary in its proposal, arguing that "a blanket requirement that the parties collect and produce email discovery on all issues, without regard to the needs of the case, will vastly (and unnecessarily) increase the cost and complexity of discovery in this case" and using phrases like "immediate and unrestricted email discovery," but the opposite is true. D.I. 43 at 2. Plaintiff is actually seeking less than what the Default Standard allows. The Default Standard directs email discovery to 10 custodians, but here Plaintiff has agreed to 5 custodians, 50% less.

Courts in this District have expressed a preference for adhering to the balance achieved by the Default Standards for email discovery instead of prohibiting it. Ex. B, *Advanced Microscopy v. Carl Zeiss Microscopy LLC*, C.A. 15-516-LPS-CJB (D. Del. Oct. 19, 2015), Tr. 17:13-18:2 (recognizing that Default Standard was devised "to manage some of the concerns with respect to ESI related discovery, including e-mail discovery," and "contemplates that e-mail discovery is a form of discovery that can be pursued. And can be relevant just as documentary discovery is potentially relevant of the non ESI kind."). In *Advanced Microscopy,* the Court rejected a proposal similar to Defendants' proposal here finding it would be "contrary to … the ethos of the default standard and … put too much of a burden on the Plaintiff at this early stage" to restrict email to a showing of need. *Id.*, Tr.18: 8-12. Had the Court wanted "to preclude email related discovery in the first instance," it would have done so in the Default Standards. *Id.,* Tr.

19:1-15. *See also* Ex. C, *Advanced Microscopy, Inc. v. Hitachi High Technologies America, Inc.*, C.A. No. 15-1020-LPS-CJB (D. Del. Feb. 29, 2016), Tr. 15:24-16:18 ("[E]-mail discovery is a type of discovery and at least I would be wary about eliminating it in the first instance from requests certainly before there has been a showing about burden, for example, or cost.")

### III. Defendants' Proposal is Unprecedented

Defendants seek a radical departure from the Default Standard, the Federal Rules of Civil Procedure, and the common practice in patent cases before this Court. Defendants' proposal is not even supported by the cases they cite. For instance, in *Groove Digital*, (i) email discovery was delayed, not prohibited unless a showing of good cause like Defendants propose, (ii) would occur after the primary document production, not after the primary document production, third party document production, and depositions as Defendants propose, and (iii) was allowed on all topics, not only non-technical topics as Defendants propose. D.I. 43 at 3. These additional restrictions imposed by Defendants are designed to give Defendants tactical advantages such as not having emails available when Plaintiff is deposing Defendants' witnesses.[2]

Defendants remaining cases do not support the extent of their proposal.[3] In *Sprint Commc'ns Co. v. Cequal Commc'ns, LLC,* the Court allowed email discovery and rejected the defendants' phased discovery approach, which mimicked *Groove Digital* and would have prevented email discovery until after primary document production. Ex. D, C.A. No. 18-1752-RGA (D. Del. June 19, 2019), Tr. 37:20-23 ("I am not going to necessarily stage the searching and production of emails, but I will go along with the non-boldfaced language in paragraph 6" [e.g. the language not in dispute]); *Compare* Ex. E (*Sprint* Proposed ESI Order, ¶¶ 6, 8) with D.I. 43, Ex. 4 (*Sprint* Final ESI Order, ¶¶ 6, 8). Defendants cite *Sprint* because email discovery was limited to non-technical issues, but the plaintiff in Sprint <u>agreed</u> to limit email discovery to non-technical issues. Ex. D, Tr. 13:19-22 ("The one thing I do know Sprint would be okay with is foregoing email collection on technical issues without prejudice."). *Sprint* provides no support for Defendants' position.

In *Bradium*, the ESI Order required the disclosure of custodians and permits emails "for specific issues and not general discovery of a product or business" through specific production requests "after the parties have exchanged initial disclosures, infringement contentions, and invalidity contentions." D.I. 43, Ex. 5 (*Bradium* ESI Order at ¶ 3(a), 5.c.(i), (ii)). Thus, even the restrictive and outlying approach of *Bradium* did not defer email discovery until after document discovery and depositions and did not limit it to only non-technical issues.

In sum, Plaintiff should not be hamstrung in its efforts to prove its case. Defendants' restrictions are facially unreasonable, as they do not even have full support in the cases Defendants cite and they improperly shift the burden of showing "good cause" to Plaintiff, a burden reserved for Defendants - the parties seeking to preclude discovery

---

[2] Conducting depositions without email discovery is not only a blind exercise, but potentially wasteful, as further depositions of the same individuals may be needed once email is produced.
[3] In a District where patent infringement dominates the caseload, it is telling that Defendants can only identify three cases departing from the Default Standard with respect to email discovery.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Filing)