# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1752-RGA |
| | ) |
| CEQUEL COMMUNICATIONS, LLC D/B/A SUDDENLINK COMMUNICATIONS AND CSC HOLDINGS, LLC D/B/A OPTIMUM-CABLEVISION. | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## JOINT PROPOSED ORDER REGARDING ELECTRONICALLY STORED INFORMATION

The parties in the above-captioned case (collectively, the "Parties") agree and stipulate to the following procedures concerning the discovery and production of electronically stored information ("ESI").

1. <u>Cooperation</u>

The parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26 to 36.

2. <u>Proportionality</u>

The parties are expected to use reasonable, good faith and proportional efforts to preserve, identify, and produce relevant information. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues.

3.     Preservation

Absent a showing of good cause by the requesting party, (1) the parties shall not be required to modify the procedures used by them in the ordinary course of business to back up and archive data, provided that the parties preserve the non-duplicative discoverable information currently in their possession, custody, or control; and (2) the categories of ESI identified in Schedule A of the District of Delaware's Default Standard for Discovery need not be preserved.

4.     Privilege

The parties are not required to include information generated after the filing of the complaint in privilege logs.

5.     [*CEQUEL PROPOSAL*: **Follow-up Discovery**[1]

**Absent a showing of good cause, follow-up discovery to the disclosures identified in paragraph 8 of the Scheduling Order (D.I. 29) shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to (i) Defendants' equitable estoppel defense, (ii) the date Defendants' services or instrumentalities first began operating in the manner alleged to infringe (for purposes of determining the date of the hypothetical negotiation), or (iii) asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit, shall not be so limited.**]

6.     Custodian identification and search terms

On or before July 12, 2019, the Parties shall identify ten custodians most likely to have discoverable information in their possession, custody, or control.  The custodians shall be identified by name, title, and subject matter of information.  [*SPRINT PROPOSAL*: **The parties shall then meet and confer by July 19, 2019 to attempt to reach agreement on the identities**

---

[1]     *See* District of Delaware Default Standard for Discovery ¶ 4(e).

**of custodians for custodial collections.]** By August 23, 2019, if the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, by September 6, 2019, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. **[*SPRINT PROPOSAL*: If an agreement is not reached by September 20, 2019 regarding the identities of custodians and search terms, the parties will follow the Court's discovery dispute resolution procedures in paragraph 3(f) of the Scheduling Order (D.I. 29). The producing party shall search emails and other ESI maintained by the custodians identified in accordance with this paragraph.²]** Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions. The party receiving production shall not unreasonably oppose such further restrictions designed to filter immaterial search results. The parties shall substantially complete custodial document productions by the date specified in the Scheduling Order for substantial completion of document production.

7.   Non-custodial discovery

The producing party also must make reasonable efforts to search for, identify, and produce relevant and responsive non-custodial ESI from non-custodial data sources reasonably anticipated to include responsive information.

---

² *See* District of Delaware Default Standard for Discovery ¶ 5(b).

8. **[*CEQUEL PROPOSAL*: Email Discovery**

**After the parties' primary document productions, the parties shall meet-and-confer to discuss the extent to which email discovery is necessary, if at all, and as to which issues. Should the parties agree to conduct email discovery as to certain issues, they shall follow the search methodology in paragraph 6.]**

9. On-site inspection of electronic media

On-site inspection of electronic media shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

10. Previous litigations

Documents which were produced in previous litigations may be produced in the same format as previously produced, except that, upon the request of a party, specified Excel and PowerPoint files (identified by Bates number by the requesting party) shall be produced in native format, if available, regardless of how they were previously produced. Documents which were produced in the prior litigation shall retain the Bates numbers from those litigations on the documents and in the metadata.

11. Format

ESI and non-ESI shall be produced to the requesting party as text-searchable image files (e.g. TIFF). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below), and, where applicable, the revision history. The parties shall produce their information in the following format: single-page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata. Excel and PowerPoint files should be produced in native format.

12. <u>Metadata</u>

The parties are obligated to provide only the following metadata for all ESI produced, to the extent such metadata exists: Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End, Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).

13. <u>Native files</u>

The parties shall meet and confer and negotiate in good faith and as necessary regarding the production of native files.

14. <u>No backup restoration required</u>

Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including, but not limited to, backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in this case **[*CEQUEL PROPOSAL*: except to the extent the information should have been preserved previously in the anticipation or conduct of litigation and is not otherwise available]**.

Assent to the entry of the foregoing ESI Stipulation is hereby given by the parties by and through their attorneys.


Dated: June 18, 2019

| | |
|---|---|
| */s/ R. Montgomery Donaldson* | */s/ Frederick L. Cottrell, III* |
| R. Montgomery Donaldson (#4367) | Frederick L. Cottrell, III (#2555) |
| Christina M. Belitz (#6135) | Jason J. Rawnsley (#5379) |
| POLSINELLI PC | Alexandra M. Ewing (#6407) |
| 222 Delaware Avenue, Suite 1101 | RICHARDS, LAYTON & FINGER, P.A. |
| Wilmington, DE 19801 | 920 North King Street |
| (302) 252-0924 | Wilmington, Delaware 19801 |
| rmdonaldson@polsinelli.com | (302) 651-7700 |
| cbelitz@polsinelli.com | cottrell@rlf.com |
| | rawnsley@rlf.com |
| *Attorneys for Plaintiff* | ewing@rlf.com |
| | |
| | *Attorneys for Defendants* |

IT IS SO ORDERED this _____ day of June, 2019.

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

### FIELDS IN LOAD FILES (DAT) TO BE INCLUDED IN EACH PRODUCTION VOLUME

| FIELD | DETAIL |
| --- | --- |
| Beginning Bates Number for Document | |
| Ending Bates Number for Document | |
| Beginning Bates Number for Family | Bates number of first page of first document in family (parent + attachments) |
| Ending Bates Number for Family | Bates number of last page of last document in family (parent + attachments) |
| Custodian | |
| Custodians | includes custodians of deduplicated copies of document |
| Page Count | |
| From | for email messages |
| To | for email messages |
| CC | for email messages |
| BCC | for email messages |
| Email Subject | |
| Conversation Index | for email messages |
| Date Received | mm/dd/yyyy - for email messages |
| Time Received | hh:mm:ss - for email messages |
| Date Sent | mm/dd/yyyy - for email messages |
| Time Sent | hh:mm:ss - for email messages |
| MD5 Hash | |
| Path to File or Message | |
| File Name | |
| File Extension | |
| File Size | numeric, in bytes |
| Author | from application metadata |
| Last Author | from application metadata |
| Title | from application metadata |
| Date Created | mm/dd/yyyy - for files |
| Time Created | hh:mm:ss - for files |
| Date Last Modified | mm/dd/yyyy - for files |
| Time Last Modified | hh:mm:ss - for files |
| Native File | path to linked native file |
| Full Text | path to document-level full text file |
| Production Volume | |
| Confidentiality Label | |